IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BROOKE CALLAHAN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA VETERINARY SERVICES PC and AVG OF NORTH CAROLINA LLC,<br><br>Defendants. | ) | 1:26-CV-375 |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Catherine C. Eagles, Chief District Judge.

The plaintiff, Brooke Callahan, alleges that defendants, Carolina Veterinary Services PC and AVG of North Carolina LLC, fired her while her disability accommodation request was pending. She brings claims for disability discrimination and retaliation under the Americans with Disabilities Act, wrongful discharge in violation of North Carolina public policy, and retaliation under the Employment Retirement Income Security Act. The defendants move to dismiss her amended complaint as an improper shotgun pleading and for failure to exhaust and failure to state a claim. The Court will grant the motion to dismiss because the amended complaint is an improper shotgun pleading, fails to allege exhaustion of administrative remedies as to one defendant, and does not state a claim on all counts. But the motion is without prejudice to a timely motion to amend, accompanied by a proposed amended complaint.

## I. Alleged Facts

Ms. Callahan began work as a receptionist for the defendants on March 31, 2025. Doc. 11 at ¶ 16. In May 2025, she experienced abdominal pain and needed medical attention for polycystic ovarian syndrome. *Id*. at ¶ 18. She told "defendants' management" about her health concerns and asked about their policy on missing work for medical reasons. *Id*. at ¶ 19. The "assistant manager" responded that "if you're sick, you're sick." *Id*. On June 4, 2025, Ms. Callahan talked to the "practice manager" about her health condition. *Id*. at ¶ 20. On June 11, she tried to give the assistant manager a doctor's note. *Id*. at ¶ 21. But the assistant manager declined the note stating that "the company does not accept doctor's notes." *Id*.

On June 12, a "manager" told Ms. Callahan that she needed to contact The Hartford, the company's third-party administrator, to discuss accommodations. *Id*. at ¶ 22. Ms. Callahan contacted Hartford, and "the defendants" and Hartford approved her personal leave from June 16, 2025, to July 18, 2025, during the pendency of her accommodation request. *Id*. at ¶ 23. On June 17, the defendants emailed her about COBRA enrollment. *Id*. at ¶ 24. On June 27, she submitted the required medical documents to Hartford for her requested ADA accommodations before the internal deadline of July 7. *Id*. at ¶ 25. On June 24, before a decision about her ADA request, human resources manager, Jerral Sharpe, called her and suggested she resign because he did not think she would qualify for ADA accommodations. *Id*. at ¶ 26. The next day she requested an explanation about why she may not qualify for ADA accommodations. *Id*. at ¶ 27. She did not receive a response and sent another email on June 30. *Id*.

On July 3, Mr. Sharpe informed her that her ADA accommodation request had been denied, her receptionist position had been filled, and her employer health insurance had been terminated effective July 1. *Id*. at ¶ 28. On July 17, she received a letter dated July 16 stating that her accommodation request had been denied. *Id*. at ¶ 29. On July 17, Mr. Sharpe told her that her ADA request was denied because she "went out on leave 60 days into her employment." *Id*. at ¶ 30.

## II. Shotgun Pleading

Grouping multiple defendants together in broad allegations is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief. *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023). A conclusory and shotgun approach to pleading that is vague as to which party the phrase "Defendants" refers fails to provide each defendant with the factual basis for the claims specifically against him or it and therefore "deprives them and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible." *Luna-Reyes v. RFI Constr., LLC*, 57 F. Supp. 3d 495, 503 (M.D.N.C. 2014).

Throughout her amended complaint, Ms. Callahan refers to "defendant" or "defendants" and does not specify who did what or which legal claim is asserted against which defendant. *See generally* Doc. 11. She provides no facts indicating which defendant hired her or for whom she worked. *Id*. Her amended complaint constitutes an improper shotgun pleading. *Luna-Reyes*, 57 F. Supp. 3d at 503.

In her briefing on the motion to dismiss, Ms. Callahan puts forth some facts as to the way the defendants ran the veterinary practice. *See* Doc. 16 at 9–12. But she cannot

amend her complaint through her brief. *See S. Walk at Broadlands Homeowners Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d. 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

Because those facts, if properly alleged pursuant to Rule 11 of the Rules of Civil Procedure, could support a plausible claim against one or both defendants, the Court will withhold judgment to give the plaintiff time to file a motion to amend her complaint to correct this deficiency. *See* LR 15.1 (requiring any such motion to be accompanied by a proposed amended complaint). Any amended complaint must plead facts with more specificity and be clearer as to the alleged basis for liability as to each defendant.

The defendants make a number of other arguments. To prevent the need for another round of briefing addressing the exact same problems, and because at least some of these problems may be curable with an amended complaint, the Court will address those arguments here.

## III. Failure to Exhaust Claim Against Carolina Veterinary Services, P.C.

"In order to assert an ADA claim in federal court, a plaintiff must first exhaust [her] administrative remedies by filing a charge of discrimination with the [EEOC]." *Knotts v. Davie Cnty. Inspection*, No. 6-CV-412, 2007 WL 295339, at *1 (M.D.N.C. Jan. 29, 2007) (citing 42 U.S.C. § 12117) (applying the administrative procedures of Title VII claims to ADA claims)). The defendants contend that Carolina Veterinary Services, P.C., must be dismissed because Ms. Callahan did not name it as a respondent in her EEOC charge. Doc. 13 at 2.

"[T]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Sydnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). "So long as a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation," she may include those claims in her lawsuit. *Id.* at 594 (cleaned up). But if her lawsuit concerns "different time frames, actors, and discriminatory conduct" than in her administrative complaint, the plaintiff cannot proceed in court on those different, unexhausted claims. *See id.* at 595 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 511–12 (4th Cir. 2005)).

Ms. Callahan's amended complaint does not provide enough information to show that she has exhausted her administrative remedies against Carolina Veterinary Services, P.C. Her EEOC charge names only American Veterinary Group as her employer, Doc. 12-2 at 2, and it does not mention Carolina Veterinary Services, P.C., as an additional employer. Additional facts in her response brief may show that her claims have been exhausted because of the relationship between Carolina Veterinary Services, P.C., and American Veterinary Group. *See* Doc. 16 at 9–12. But she cannot amend her complaint through her brief. *See S. Walk*, 713 F.3d. at 184.

The motion to dismiss the claim against Carolina Veterinary Services, P.C., will be granted for failure to exhaust administrative remedies. This is without prejudice to a timely motion to file an amended complaint.

## IV. Failure to State a Claim

A plaintiff is not required to prove her case in the complaint, *see, e.g.*, *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012), but courts are not required

to "accept as true legal conclusions drawn from the facts or any other unwarranted inferences, unreasonable conclusions, or arguments." *Just Puppies, Inc. v. Brown*, 123 F.4th 652, 660 (4th Cir. 2024) (cleaned up). On a motion to dismiss, courts view the allegations in the complaint as true, drawing all inferences in the plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Langford*, 62 F.4th at 124. The complaint's allegations should "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (cleaned up).

**A. ADA Discrimination Claim**

"The ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to the hiring, advancement, or discharge of employees." *Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 178 (4th Cir. 2023) (cleaned up). "To establish a prima facie case of disability discrimination, a plaintiff must show (i) she was disabled, (ii) she was discharged, (iii) she was fulfilling her employer's legitimate expectations when she was discharged, and (iv) the circumstances of her discharge raise a reasonable inference of unlawful discrimination." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 379 (4th Cir. 2022).

Aside from the problem with which defendant employed her, *see* discussion *supra*, Ms. Callahan has alleged a claim for disability discrimination under the ADA in her amended complaint. She alleges that she was disabled, Doc. 11 at ¶¶ 18, 37, and that she was fired on July 3, 2025, while her disability accommodation request remained pending, which raises a reasonable inference of unlawful discrimination at the motion to dismiss

stage. *Id*. at ¶¶ 28–30; *see Cowgill*, 41 F.4th at 379. Mr. Sharpe's alleged comments surrounding her termination support this inference. Doc. 11 at ¶¶ 28, 30. Ms. Callahan alleges that she "performed her job duties satisfactorily and had received no complaints regarding her performance," *id*. at ¶ 17, and that she "had been performing the essential functions of the receptionist job and could perform the essential functions of her job with or without accommodations." *Id*. at ¶ 38.

Defendants contend that Ms. Callahan's ADA claims fail because she has not alleged actual knowledge of her disability by any "relevant decisionmaker." Doc. 13 at 15. But she has alleged that she informed "defendants' management," an assistant manager, the practice manager, the third-party administrator, and the HR manager about her disability. Doc. 11 at ¶¶ 19–20, 22–23, 26. She is not required to prove her case in the complaint, *see, e.g.*, *Robertson*, 679 F.3d 291, and her claim that her employer discriminated against her for seeking accommodations is plausible.

But to the extent Ms. Callahan is asserting a claim for refusal to provide appropriate accommodations, she does not allege enough facts to make the claim plausible. Beyond a request for short-term leave, which she apparently received, it is not clear what accommodations she sought or what accommodations were denied. The motion to dismiss this claim will be granted, subject to a motion to amend and adequate factual allegations in a proposed amended complaint.

**B. ADA Retaliation Claim**

The ADA prohibits employers from retaliating against any individual who has "opposed any act or practice made unlawful by the ADA" or "made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA." *Tartaro-McGowan v. Inova Home Health, LLC*, 91 F.4th 158, 165 (4th Cir. 2024) (cleaned up) (quoting 42 U.S.C. § 12203(a)). To establish a prima facie case of retaliation under the ADA, the plaintiff must show that (1) "[she] engaged in ADA-protected activity, (2) she later suffered an adverse employment action; and (3) there is a causal link between the two." *Id.* at 173 n.10 (cleaned up); *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 577 (4th Cir. 2015).

Ms. Callahan has alleged a claim for retaliation under the ADA in her amended complaint. She has alleged that she engaged in ADA-protected activity by requesting an accommodation for her disability. Doc. 11 at ¶¶ 22–23; *see Jacobs*, 780 F.3d at 577. She also alleges that she was fired while her request for disability accommodations was pending, with the time overlap and remarks of her managers providing an inference of a causal link. Doc. 11 at ¶¶ 23–30; *Tartaro-McGowan*, 91 F.4th at 173 n.10.

Defendants assert that Ms. Callahan's retaliation claim falls outside the scope of her EEOC charge because the charge does not reference retaliation. Doc. 13 at 13. But her claims are reasonably related to her EEOC charge because her EEOC charge[1] for discrimination sets forth the short timeline between her request for disability

---

[1] The Court considers the filed EEOC charge because it is "integral to the complaint" and the parties do not dispute its authenticity. *See Just Puppies*, 123 F.4th at 660 (stating that courts may consider documents outside the pleadings without converting a motion to dismiss into one for summary judgment if those documents are "integral to the complaint and authentic" (cleaned up)).

accommodations and the termination of her employment. Doc. 12-2 at 2–3; *see Sydnor*, 681 F.3d at 594.

### C. Violation of North Carolina Public Policy Claim

"North Carolina courts recognize claims of wrongful termination based on violations of public policy." *Sanders v. Tata Consultancy Servs.*, No. 25-CV-267, 2026 WL 1557704, at *2 (E.D.N.C. June 2, 2026) (citing *Bannerman v. Burlington Indus. Inc.*, 7 F. Supp. 2d. 645, 649 (E.D.N.C. 1997)). "North Carolina courts have consistently held that the public policy exception to the employment-at-will doctrine is a narrow exception." *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 725 (W.D.N.C. 2012) (cleaned up). To recover for wrongful discharge based on a violation of public policy, a plaintiff must "allege that the defendant's conduct violated an explicit statutory or constitutional provision." *Id*. (cleaned up).

Ms. Callahan does not state a claim for violation of North Carolina public policy because she does not allege in the amended complaint that the defendants' conduct violated a specific statute or constitutional provision. Doc. 11 at ¶¶ 61–67. Her response brief relies on the North Carolina Equal Employment Practices Act. Doc. 16 at 14. But she cannot amend her complaint through her brief. *See S. Walk*, 713 F.3d. at 184.

### D. ERISA Claim

Under 29 U.S.C. § 1140, it is unlawful "to discharge . . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled." 29 U.S.C. § 1140; *see also Henson*

*v. Liggett Grp., Inc.*, 61 F.3d 270, 277 (4th Cir. 1995). To establish a prima facie case of retaliation under this ERISA section, a plaintiff must allege: "(1) that he is a member of the protected class, *i.e.*, a participant in an employee benefit plan; (2) that he was qualified for the job; and (3) that he was discharged 'under circumstances that give rise to an inference of discrimination." *Chisholm v. Mountaire Farms of N.C. Corp.*, 629 F. Supp. 3d 368, 376 (M.D.N.C. 2022) (cleaned up) (quoting *Johnson*, 905 F. Supp. 2d at 722).

Here, Ms. Callahan has alleged that her employer offers an ERISA benefit plan for health insurance benefits, terminated her health insurance, and sent her an email about COBRA. Doc. 11 at ¶¶ 24, 28, 69, 72. These minimal facts are insufficient to state a plausible ERISA claim. She does not allege any facts from which one might infer that she was exercising an ERISA right before her termination or that she was discriminated against for exercising such a right or for the purpose of interfering with the attainment of such a right. *See Johnson*, 905 F. Supp. 2d at 722. Indeed, in her amended complaint Ms. Callahan links the termination of her health insurance benefits to her request for disability leave and disability accommodations, not to her exercise of any protected rights under ERISA. Doc. 11 at ¶¶ 70–74.

## V. Conclusion

As filed, the amended complaint has many problems. As to both defendants, the shotgun nature of the pleading does not put the defendants on fair notice of the claims against them, and Ms. Callahan has failed to allege sufficient facts to assert plausible

claims on several of her asserted claims for relief. The Court will grant the motion to dismiss but without prejudice to filing a motion for leave to amend.

The Court will withhold entry of judgment for two weeks to give the plaintiff time to file a properly supported motion for leave to file an amended complaint. The motion must be accompanied by a proposed amended complaint that corrects the problems identified, if she can do so consistent with the requirements of Rule 11 of the Rules of Civil Procedure. To move the case forward promptly, the Court will set a shortened briefing schedule for any motion to amend.

It is **ORDERED** that:

1. The defendant's motion to dismiss, Doc. 12, is **GRANTED**.
2. The plaintiff may file a motion for leave to file an amended complaint. If such a motion is filed, the defendant has two weeks to file a response in opposition. If such a response is filed, the plaintiff has one week to file a reply brief.
3. If no motion to amend is filed by November 9, 2026, judgment dismissing the case with prejudice will be filed without further notice.

This the 23rd day of October, 2026.

UNITED STATES DISTRICT JUDGE